ALEXANDER v. TELEGRAPH CO.

(Filed April 10, 1906).

*Telegraphs —Delivery of Message —Issues —Mental Anguish—Brothers-in-Law—Evidence.*

1.  In an action to recover damages for mental anguish in failing to promptly deliver a telegram, where the telegram was delivered at the defendant's office in Burlington for transmission at 1 o'clock p. m., and was not delivered at Spray until the next morning after 8 o'clock, this made out a *prima facie* case of negligence.

2.  There was no error in permitting the plaintiff to testify that the telegram was delivered to him at 9:25 a. m., where the complaint stated that the telegram was not delivered "until after 8 o'clock a. m."

3.  In an action to recover damages for mental anguish where in any view of the evidence it is admitted that the plaintiff is entitled to recover nominal damages, the refusal to submit the issue, "Could the plaintiff by the exercise of reasonable care have reached Burlington in time for the funeral after the receipt of the message by him?" is not error, where the defendant had the full benefit of that feature of the case under the second issue as to damages.

4.  In an action to recover damages for mental anguish in failing to promptly deliver a telegram announcing the death of plaintiff's brother-in-law and requesting plaintiff to come at once, the jurors were properly instructed that mental anguish is to be proved and not to be presumed.

5. Where there was evidence tending to prove that plaintiff and the deceased were not only brothers-in-law, but very intimate friends, and that most affectionate relations existed between them, and plaintiff was very much affected by reason of his inability to be present at the funeral rites, the court committed no error in submitting the case to the jury on the question of mental anguish.

ACTION by Sam Alexander against Western Union Telegraph Co., heard by *Judge G. W. Ward* and a jury, at the September Term, 1905, of the Superior Court of ALAMANCE.

This was an action to recover damages for negligence alleged in the delivery of a telegram addressed by Eli Alexander at Burlington N. C., to Sam Alexander, the plaintiff, at Spray, N. C., announcing to the plaintiff the death of his brother-in-law, and requesting the plaintiff to come at once. These issues were submitted to the jury: 1. Was the defendant guilty of negligence as alleged in the complaint? Yes. 2. What damage, if any, has the plaintiff thereby sustained on account of mental anguish caused by such negligence? $800. From the judgment rendered, the defendant appealed.

*W. H. Carroll* and *Brooks & Thomson* for the plaintiff.
*King & Kimball* and *F. H. Busbee & Son* for the defendant.

BROWN, J.   1. His Honor properly instructed the jury that in any view of the evidence, if believed, the defendant was guilty of negligence, and to answer the first issue "yes." The telegram was delivered at the defendant's office in Burlington for transmission at 1 o'clock p. m., November 22, and was not delivered at Spray until the next morning after 8 o'clock. This made out a *prima facie* case of negligence, and there is nothing to rebut it.

2. The court properly permitted the plaintiff to testify that the telegram was delivered to him at 9:25 a. m., November 23. There is nothing in the complaint which forbade

the reception of the evidence. It contradicted no alleged fact. The complaint states that the telegram was not delivered "until after 8 o'clock a. m., on November 23, 1904, too late for the plaintiff to reach his home in Burlington to attend the funeral." As the complaint does not allege the actual time of delivery, in testifying that it was delivered at 9:25 a. m., the plaintiff contradicted nothing that he had alleged.

3. We do not think the court erred in submitting the two issues given, or in refusing issue No. 2 of those tendered by the defendant, which was as follows: Could the plaintiff by the exercise of reasonable care, have reached Burlington in time for the funeral after the receipt of the message by him? The two issues submitted are substantially the same as issues tendered by the defendant. As to the issue which His Honor declined, we think that the defendant had the full benefit of that feature of the case under the second issue as to damages. In any view of the evidence it is admitted that the plaintiff is entitled to recover nominal damages; therefore, if His Honor in his charge gave the defendant the full benefit of such evidence in mitigation of damages, the defendant cannot complain.

His Honor charged: "The law is where a party is affected by the negligence of the defendant company, in the telegraph cases, that he must himself exercise reasonable diligence either to avert or minimize the harmful consequence of the company's negligence, and in such cases the mental anguish, which might have been prevented by the exercise of reasonable diligence, would form no ground for a recovery. If the jury shall find from the evidence that the plaintiff, by the exercise of reasonable diligence, could have caught a train from Reidsville on November 23 and been at the funeral and burial, and failed to do so, then he would be entitled to recover the cost of the message, 25 cents, and if you so find, you will answer that issue '25 cents.' The court charges you

that notwithstanding the previous negligence of the defendant company, if you find it was negligent, if you should find from the evidence that the plaintiff by the exercise of reasonable care could have been at the funeral, then he would be entitled to recover nothing over 25 cents."

We do not see how this phase of the case could have been more clearly or fairly put to the jury than by the language employed. If the defendant has been hurt by the verdict, it is not because the jury failed to understand so lucid an instruction, but doubtless because they were not impressed by the defendant's view of the matter.

4. The remaining assignment of error is to the action of the court in submitting the case to the jury at all in the absence of sufficient proof on the question of mental anguish. There are two reasons why the assignment cannot be sustained; First, because the question is not raised either by motion to nonsuit or prayer for instruction; and second because there is evidence of mental anguish, appearing in the record.

While the writer of this opinion has occasionally not been profoundly impressed with the reality and poignancy of the mental anguish averred in some cases of this character, as the jurors in some instances appear to have been, yet, he expresses his own, as well as the opinion of this court, in saying that there is ample evidence in this case to show mental anguish and to justify His Honor's charge. The jurors were very properly instructed that mental anguish is to be proved and not to be presumed in this case.

As is well said by the able judge who tried it: "A brother's love is sufficiently universal to raise the presumption, but that is not so with respect to a brother-in-law. Such affection may exist, but it is incumbent upon the plaintiff to show it." There was evidence tending to prove that the plaintiff and the deceased were not only brothers-in-law, but very intimate friends, and that most affectionate relations existed be-

ALEXANDER v. TELEGRAPH CO.

tween them.  The plaintiff states that he felt as near to the deceased as a brother; that they were closely associated; that the plaintiff had been at the house of the deceased a great deal and often applied to him for advice; that they were often together at the home of the plaintiff's father; that they kept up an intimate correspondence when separated; that he was very much affected by reason of his inability to be present at the funeral rites.

The evidence discloses no imaginary or fanciful sentiment. Such affections are sometimes real between men connected by the ties of marriage only.  We sometimes see it illustrated in our daily life.  While the defendant was not responsible for the death of the deceased, yet it was responsible, according to the findings of the jury, for such mental suffering as the plaintiff endured from grief at not being able to pay his last sad tribute at the grave of his dead brother and friend.

All the evidence admitted, tending to prove the existence of mental anguish, is clearly competent under numerous decisions of this court.  *Bright's case,* 132 N. C., 317; *Cashion's case,* 123 N. C., 267; *Hunter's case,* 135 N. C., 462. His Honor presented the entire case to the jury with clearness, accuracy and fairness, and we find

No Error.